IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CHRISTOPHER A. LOVE JR.                                                      PLAINTIFF


        v.                          Civil No. 4:13-cv-04036


THEARDIS EARLEY;
VICTOR ROSE; and
CAMERON SUNBERG                                                             DEFENDANTS



**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Christopher Love filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 5,

2013.  ECF No. 1.  Now before the Court is Plaintiff's continuous failure to comply with the

Court's orders and prosecute this case.

        Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  After careful consideration, the undersigned makes the

following Report and Recommendation.

**I.      BACKGROUND**

        At the time he filed his Complaint, Plaintiff was an inmate of the Lafayette County Jail in

Lewisville, Arkansas ("LCJ").

        In Plaintiff's Complaint, he alleges he broke his hand while incarcerated at the LCJ and was

denied medical care.  ECF No. 1, pp. 4-5.

1

On April 5, 2013, the Court provisionally filed Plaintiff's Complaint and ordered him to complete the an IFP application form and return it to the Court no later than April 30, 2013. ECF No. 3. The Court also advised Plaintiff in this Order that he was required to immediately advise the Court of any address changes or his case may be subject to dismissal. ECF No. 3. This Order was sent to Plaintiff at the LCJ but returned as undeliverable mail. Upon its own research the Court learned that Plaintiff was transferred to the Miller County Detention Center in Texarkana, Arkansas ("MCDC"). The Court changed Plaintiff's address of record to the MCDC and resent the April 5, 2013 Order to Plaintiff at the MCDC. ECF No. 4. Plaintiff was again advised that failure to keep the Court informed of his current address could result in dismissal of this case. The Order sent to the MCDC was not returned as undeliverable mail. Plaintiff failed to respond with his completed IFP application.

On May 7, 2013, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to file his completed IFP application and also directing Plaintiff to file the IFP application by May 28, 2013. ECF No. 5. This Oder was sent to Plaintiff at the MCDC but returned as undeliverable mail and marked "Not Here." The Court has no current address for Plaintiff.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.    DISCUSSION**

Plaintiff has failed to comply with two Court orders—the Court's April 5, 2013 Order directing Plaintiff to file the completed IFP application; and the Court's May 7, 2013 Order to Show Cause.  Plaintiff has also failed to prosecute this case.  He has not communicated with the Court since initially filing this case in April 2013.

While Plaintiff has failed to inform the Court of his current address, the Court cannot find

a clear record of delay or contumacious conduct by the plaintiff because it is unclear if Plaintiff ever received the Court's orders once he was transferred from the LCJ. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.   CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of September 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4